Filed 9/16/20  P. v. Juanes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME ARTHUR JUANES,<br><br>    Defendant and Appellant. | 2d Crim. No. B302662<br>(Super. Ct. No. 2019008595)<br>(Ventura County) |

In August 2019, Jaime Arthur Juanes pled guilty to falsifying a vehicle identification number (Veh. Code, § 10803, subd. (a)), and admitted that he had served a prior term in prison (Pen. Code,[1] § 667.5, subd. (b)).  The trial court imposed a three-year split sentence:  two years on the underlying conviction, and one year on the prison prior.  The court ordered Juanes to serve the first year of his sentence in county jail and the last two years on mandatory supervision.

---

[1] Undesignated statutory references are to the Penal Code.

On appeal, Juanes contends, and the Attorney General concedes, that he is no longer eligible for the one-year prior prison term sentence enhancement. We agree. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 681-682 [amendment to section 667.5, subdivision (b) that restricts applicability of sentence enhancement to prison terms served for sexually violent offenses applies retroactively to cases not yet final on appeal].) But the proper remedy is not to order the trial court to strike the prison prior and leave the remaining two years of the sentence intact, as Juanes contends.

Senate Bill No. 136 (S.B. 136)—which restricted the applicability of enhancements imposed pursuant to section 667.5, subdivision (b)—"'does not entitle defendants . . . "to whittle down [their] sentence[s] 'but otherwise leave [their] plea bargain[s] intact.""'" (*People v. Stamps* (2020) 9 Cal.5th 685, 706 (*Stamps*).) If Juanes elects to pursue S.B. 136 relief, the trial court will be able to withdraw its approval of the plea agreement if it cannot fashion a new three-year sentence that does not include the stricken enhancement. (*Id.* at pp. 706-707.) The prosecutor, too, will be able to withdraw from the agreement if such a sentence cannot be imposed. (*Id.* at p. 707.) Or perhaps the prosecutor will "agree to modify the bargain to reflect [Juanes's preferred] downward departure in [his] sentence," and the court will approve the new plea. (*Ibid.*)

Given these potential outcomes, it is "ultimately [Juanes's] choice whether to seek relief under [S.B. 136]." (*Stamps, supra,* 9 Cal.5th at p. 708.) While he "has consistently argued on appeal that [S.B. 136] should retroactively apply to him, his argument has always been coupled with his claim that the proper remedy [is] to simply allow the trial court to reduce

2

his sentence by [one year] while otherwise maintaining the remainder of the plea agreement." (*Ibid*.)  Because we have rejected that claim, Juanes's "calculus in seeking relief under [S.B. 136] may have changed." (*Ibid*.)  He should now "be allowed to make an informed decision whether to seek relief on remand." (*Ibid*.)

DISPOSITION

The matter is remanded to the trial court for the limited purpose of permitting Juanes the opportunity to request relief pursuant to S.B. 136.  In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

3

Nancy L. Ayers, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.